IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RENEE FAVA-CROCKETT,

    Plaintiff(s),                        08cv0196

**ELECTRONICALLY FILED**

    v.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.,

    Defendant(s).

## Memorandum Opinion

**I.**     **Introduction**

This is an action for employment discrimination brought pursuant to the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964 (Title VII), and the Pennsylvania Human Relations Act (PHRA). Before the Court is the motion by defendant, Boehringer Ingelheim Pharmaceuticals, Inc., (doc. no. 8) to dismiss plaintiff Renee Fava-Crockett's complaint for failure to exhaust her administrative remedies. Specifically, defendant claims that plaintiff failed to file a timely charge of discrimination before the EEOC. After careful consideration of the motion and brief in support, and plaintiff's response in opposition to the motion to dismiss, the Court will deny the motion.

**II.**     **Procedural History/ Factual Background**

The following procedural background is not in dispute. Plaintiff was discharged from her employment with defendant on February 8, 2007. On August 30, 2007, plaintiff, through counsel, then filed a letter, which was entitled a "Charge of Discrimination," before the EEOC. . Said letter, which was attached as Exhibit A, Attachment 1(a) (Doc. No. 14-2) and is 6

paragraphs in length, sets forth the following information: (1) plaintiff's and defendant's names, addresses and phone numbers; (2) the facts which form the basis for the charge of discrimination; (3) allegations setting forth that plaintiff's claim was based upon the ADEA and Title VII; and (4) a statement that plaintiff had not instituted state proceedings. With that letter, plaintiff also filed an Intake Questionnaire (see Attachment 1(b) (Doc. No. 14-2)).

By letter dated September 13, 2007, the EEOC informed the parties of a mandatory conciliation conference, which plaintiff accepted. On October 26, 2007, defendant set forth its position and denied plaintiff's charge of discrimination (see Attachments 1(c)(d) and (e) (Doc. No. 14-2)).

On November 15, 2007, the EEOC issued its right-to-sue letter (Complaint, Ex. A (Doc. No. 1)). On February 6, 2008, this action followed.

### III. Standard of Review

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007).

Where, as here, both parties have referred to matters outside of the pleadings (including affidavits and matters of public record filed by both parties), Rule 12(b) requires that the motion to dismiss be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. Therefore, this Court will convert this motion to dismiss into a motion for summary judgment

Summary judgment under Fed.R.Civ.P. 56(c) is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. School Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), *quoting Foehl v. United States*, 238 F.3d 474, 477 (3d Cir.2001) (citations omitted). In deciding a summary judgment motion, the court must "view the evidence . . . through the prism of the substantive evidentiary burden" to determine "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party has carried this burden, the burden shifts to the non-moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993). Thus the non-moving party cannot rest on the pleadings, but instead must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), and cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (*citing Celotex*, 477 U.S. at

3

325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n. 1 (3d Cir. 1994).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)." *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004.) *See also Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001) (court must view facts in the light most favorable, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party ).

### III.   Discussion

In support of its motion to dismiss (which this Court has converted into a motion for summary judgment),[1] defendant argues that: (1) plaintiff's claim under the PHRA must be dismissed for failing to file within 180 days of the alleged act of discrimination; (2) plaintiff's claims under the ADEA and Title VII must be dismissed based upon the recent decision of the United States Supreme Court in *Federal Express Corp. v. Holowecki*, 522 U.S. ___ , 128 S.Ct. 1147 (February 27, 2008).

In her brief in response, plaintiff agrees that her claim under the PHRA is time barred and

---

[1] While defendant is correct that the filing of a matter of public record, such as the EEOC charge, does not convert a motion to dismiss into one for summary judgment, defendant here has also filed an affidavit. Plaintiff has responded by also filing an affidavit and other documents. Thus, the Court must convert the motion into a motion for summary judgment.

therefore, consents to its dismissal. Therefore, the remaining issue before this Court is whether *Holowecki* supports defendant's contention that plaintiff's remaining claims be dismissed. The Court finds that *Holowecki* does not further defendant's position that the charge was not timely filed.

In *Holowecki*, the Supreme Court considered the issue of whether an intake questionnaire with a detailed supporting affidavit constituted a "charge" under the ADEA. Applying the standards set forth in *Skidmore v. Swift Co.*, 323 U.S. 134, 65 S.Ct. 161 (1944), the Court, in deferring to the EEOC's determination, stated that "the proper test for determining whether a filing is a charge is whether the filing, taken as a whole, should be construed as a request by the employee to take whatever action is necessary to vindicate her rights." *Id*. at 1157-58.

In *Holowecki*, unlike the case at bar, the filing (albeit an uncounseled one) was not initially processed by the agency and therefore the employer was not notified. Still, the Court held that the EEOC reasonably exercised its authority when it determined that the filing constituted a "charge."

The Court in *Holowecki* concluded as follows:

> Documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies. Construing ambiguities against the drafter may be the more efficient rule to encourage precise expression in other contexts; here, however, the rule would undermine the remedial Congress adopted.

*Id*. at 1160.

Defendant's argument that the holding and conclusions in *Holowecki* somehow support its position, misses the mark. In fact, the "charge of discrimination," which happens to be

written in the letter format, along with supporting documentation, clearly satisfies the EEOC's minimum requirements for a charge. *See* 29 C.F.R. § 1626.8(b).

Accordingly, for these reasons, this Court finds that plaintiff has duly exhausted her adminstrative remedies. To hold otherwise would frustrate the reasonable exercise of the EEOC's authority and would contravene the recent holdings of the Supreme Court in *Holowecki*.

For the reasons set forth hereinabove, this Court will deny defendant's motion to dismiss/motion for summary judgment (doc. no. 8).[2] An appropriate order follows.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[2]Because plaintiff consents to dismiss her claim under the PHRA, said motion to dismiss as to this count will be DENIED AS MOOT.