IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RENEE FAVA-CROCKETT,

    Plaintiff(s),

v.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.,

    Defendant(s).

08cv0196
**ELECTRONICALLY FILED**

## Order of Court

Currently pending before this Court in this employment discrimination case is plaintiff's motion to compel discovery responses (doc. no. 33)[1] and plaintiff's motion for extension of time to complete discovery (doc. no. 35). In addition to ordering a prompt response to said motions, which response was filed by defendant on August 20, 2008, the Court ordered the parties to meet face to face in an attempt to resolve their discovery disputes, and to submit a joint status report on August 21, 2008.

After reviewing the motions (doc. nos. 33 and 35) and after conducting a detailed review of the discovery sought, this Court finds that the parties have worked in good faith to resolve their disputes and that defendant has agreed to produce additional discoverable materials and documents.

For example, in plaintiff's motion to compel, she sought the complete personnel files of certain other coworkers, as well as her supervisor. After meeting with plaintiff's counsel,

---

[1] Plaintiff's motion is titled "Joint Motion for Bill of Costs" on ECF, apparently in error. However, if plaintiff is requesting that she be awarded costs for preparation of the motion to compel, said request is denied.

defense counsel agreed to produce all field contact reports, performance evaluations and records regarding any reprimands or discipline of her co-workers, but not of her supervisors. Defendant refused also to produce the co-workers resumes, training records and awards on the basis that such information is not likely to lead to the discovery of admissible evidence. This Court agrees and finds that such documents are not likely to lead to relevant and admissible evidence and that the personnel records of her supervisor are likewise not discoverable.[2]

As stated above, after reviewing the joint status report, it appears that many of the original disputed matters have been resolved. Accordingly, to the extent that the majority of the items in the motion have been resolved by the parties, the Court hereby orders that plaintiff's motion to compel (doc. no. 33) is DENIED AS MOOT. To the extent that legitimate discovery disputes still exist, the Court will DENY the motion to compel, except as to plaintiff's requests for a copy of the actual log of plaintiff's daily physician contacts (request no. 16). Defendant shall produce the copy of the actual log of plaintiff's daily physician contacts and any and all other documents that defendant voluntarily agreed to produce during their face-to-face meeting. Said production shall occur on or before August 29, 2008.

Furthermore, plaintiff's motion for extension of time to complete discovery (doc. no. 35) is DENIED.

SO ORDERED this 22nd day of August, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

---

[2]The Court finds that the motion to compel and the corresponding discovery sought is quite extensive. Accordingly, the Court will not recite each category of discovery requested.

cc: All Registered ECF Counsel and Parties